IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| BOBBY WRIGHT, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   No. 18-CV-2629-TMP |
| | ) |
| NANCY A. BERRYHILL, | ) |
| Commissioner of Social | ) |
| Security, | ) |
| | ) |
|     Defendant. | ) |

_____

**ORDER AFFIRMING THE COMMISSIONER'S DECISION**
_____

Before the court is plaintiff Bobby Wright's appeal from a final decision of the Commissioner of Social Security[1] ("Commissioner") denying his application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act"), 42 U.S.C. §§ 1381-1385. (ECF No. 1.) The parties have consented to the jurisdiction of the United States magistrate judge pursuant to 28 U.S.C. § 636(c). (ECF No. 9.) For the following reasons, the Commissioner's decision is affirmed.

### I.    FINDINGS OF FACT

Wright applied for SSI on April 2, 2015. (R. 35; 153-58.) The claims were denied initially and on reconsideration. (R. 83-85; 93-98.) At Wright's request, an Administrative Law Judge

_____

[1]Nancy A. Berryhill was the Acting Commissioner of Social Security at the time this action was filed. Therefore, she is named in the caption of this case. As of the date of this order, the Commissioner of Social Security is Andrew Saul.

("ALJ") held a hearing and issued a written decision. (R. 32-43.) In her written decision, the ALJ first found that Wright had not engaged in substantial gainful activity since the application date. (R. 37.) Second, the ALJ determined that Wright had severe impairments of hypertension and ischemic heart disease. (R. 37.) Third, the ALJ determined Wright did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 38.) Next, the ALJ determined that Wright retained the residual functional capacity ("RFC") to perform medium work as defined in 20 C.F.R. § 404.1567(c) and 416.967(c) except that he "can occasionally climb ladders, ropes, or scaffolds; occasionally balance, stoop, kneel, crouch, or crawl; never climb ladders, ropes, or scaffolds, never work at unprotected heights or in an environment with concentrated exposure to temperature extremes or humidity." (R. 39.) Fourth, the ALJ found that Wright has no past relevant work. (R. 41.) Given Wright's age, education, work experience, and RFC, the ALJ determined that jobs exist in significant numbers in the national economy that Wright could perform. (R. 42.) Thus, the ALJ found that Wright was not disabled. (R. 43.) The Social Security Administration's ("SSA") Appeals Council denied Wright's request for review, making the ALJ's decision the final decision of the Commissioner. (R. 1.)

Wright filed the instant action on September 13, 2018. (ECF

No. 1.) Wright argues that (1) the ALJ erred in failing to find that Wright's supraventricular tachycardia was a severe impairment and thus failed to consider whether the appropriate Listing had been met; (2) by failing to identify and consider all severe impairments, the ALJ failed to properly incorporate all of Wrights restrictions in her RFC assessment; and (3) given these legal errors the Commissioner failed to meet its burden at Step Five. (Id. at 1.)

## II. CONCLUSIONS OF LAW

**A.  Standard of Review**

Under 42 U.S.C. § 405(g), a claimant may obtain judicial review of any final decision made by the Commissioner after a hearing to which he or she was a party. "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Judicial review of the Commissioner's decision is limited to whether there is substantial evidence to support the decision and whether the Commissioner used the proper legal criteria in making the decision. Id.; Winn v. Comm'r of Soc. Sec., 615 F. App'x 315, 320 (6th Cir. 2015); Cole v. Astrue, 661 F.3d 931, 937 (6th Cir. 2011); Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007). Substantial evidence is more than a scintilla of evidence but less

than a preponderance and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Kirk v. Sec'y of Health & Human Servs., 667 F.2d 524, 535 (6th Cir. 1981) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).

In determining whether substantial evidence exists, the reviewing court must examine the evidence in the record as a whole and "must 'take into account whatever in the record fairly detracts from its weight.'" Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990) (quoting Garner v. Heckler, 745 F.2d 383, 388 (6th Cir. 1984)). If substantial evidence is found to support the Commissioner's decision, however, the court must affirm that decision and "may not even inquire whether the record could support a decision the other way." Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994) (quoting Smith v. Sec'y of Health & Human Servs., 893 F.2d 106, 108 (6th Cir. 1989)). Similarly, the court may not try the case *de novo*, resolve conflicts in the evidence, or decide questions of credibility. Ulman v. Comm'r of Soc. Sec., 693 F.3d 709, 713 (6th Cir. 2012) (citing Bass v. McMahon, 499 F.3d 506, 509 (6th Cir. 2007)). Rather, the Commissioner, not the court, is charged with the duty to weigh the evidence, to make credibility determinations, and to resolve material conflicts in the testimony. Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 528 (6th Cir. 1997); Crum v. Sullivan, 921 F.2d 642, 644 (6th Cir. 1990); Kiner v.

Colvin, No. 12-2254-JDT, 2015 WL 1295675, at *1 (W.D. Tenn. Mar. 23, 2015).

**B.   The Five-Step Analysis**

The Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1). Additionally, section 423(d)(2) of the Act states that:

> An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), "work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

Under the Act, the claimant bears the ultimate burden of establishing an entitlement to benefits. Oliver v. Comm'r of Soc. Sec., 415 F. App'x 681, 682 (6th Cir. 2011). The initial burden is on the claimant to prove she has a disability as defined by the Act. Siebert v. Comm'r of Soc. Sec., 105 F. App'x 744, 746 (6th Cir. 2004) (citing Walters, 127 F.3d at 529); see also Born v. Sec'y of Health & Human Servs., 923 F.2d 1168, 1173 (6th Cir.

1990). If the claimant is able to do so, the burden then shifts to the Commissioner to demonstrate the existence of available employment compatible with the claimant's disability and background. Born, 923 F.2d at 1173; see also Griffith v. Comm'r of Soc. Sec., 582 F. App'x 555, 559 (6th Cir. 2014).

Entitlement to social security benefits is determined by a five-step sequential analysis set forth in the Social Security Regulations. See 20 C.F.R. §§ 404.1520 & 416.920. First, the claimant must not be engaged in substantial gainful activity. See 20 C.F.R. §§ 404.1520(b) & 416.920(b). Second, a finding must be made that the claimant suffers from a severe impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii) & 416.920(a)(5)(ii). In the third step, the ALJ determines whether the impairment meets or equals the severity criteria set forth in the Listing of Impairments contained in the Social Security Regulations. See 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526. If the impairment satisfies the criteria for a listed impairment, the claimant is considered to be disabled. On the other hand, if the claimant's impairment does not meet or equal a listed impairment, the ALJ must undertake the fourth step in the analysis and determine whether the claimant has the RFC to return to any past relevant work. See 20 C.F.R. §§ 404.1520(a)(4)(iv) & 404.1520(e). If the ALJ determines that the claimant can return to past relevant work, then a finding of not disabled must be entered. Id. But if the ALJ finds the claimant unable to perform past

relevant work, then at the fifth step the ALJ must determine whether the claimant can perform other work existing in significant numbers in the national economy. See 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g)(1), 416.960(c)(1)-(2). Further review is not necessary if it is determined that an individual is not disabled at any point in this sequential analysis. 20 C.F.R. § 404.1520(a)(4).

**C. Whether the ALJ Erred in Evaluating Wright's Supraventricular Tachycardia**

Wright first argues that the ALJ erred in finding that Wright's supraventricular tachycardia was not a severe impairment at Step Two. Step Two is a *de minimis* hurdle, Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 243 n.2 (6th Cir. 2007), intended to "'screen out totally groundless claims.'" Nejat v. Comm'r of Soc. Sec., 359 F. App'x 574, 576 (6th Cir. 2009) (quoting Farris v. Sec'y of Health & Human Servs., 773 F.2d 85, 89 (6th Cir. 1985)). Once an ALJ determines that one or more of a claimant's impairments is severe, the ALJ considers the "limitations and restrictions imposed by *all* of an individual's impairments, even those that are not 'severe.'" Kestel v. Comm'r of Soc. Sec., 756 F. App'x 593, 597 (6th Cir. 2018) (quoting Fisk v. Astrue, 253 F. App'x 580, 583 (6th Cir. 2007)) (emphasis added in Kestel); see also SSR 96–8p, 1996 WL 374184, at *5. If the ALJ considers all of a claimant's impairments in the remaining steps of the disability determination, then any perceived failure to find additional severe impairments at

-7-

Step Two is not reversible error. Kestel, 756 F. App'x at 597; see also Fisk, 253 F. App'x at 583; Maziarz v. Sec'y of Health & Human Servs., 837 F.2d 240, 244 (6th Cir. 1987)).

Here, while the ALJ determined that Wright's supraventricular tachycardia not severe, she also found two impairments – hypertension and ischemic heart disease – that were severe. (R. 37.) And she considered "all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence" in the remaining steps of the disability determination. (R. 39.) Specifically, the ALJ acknowledged that Wright suffered from tachycardia as one of the symptoms of his heart disease and noted treatment in 2015 and 2016 for a "racing heart," chest pain, and palpitations. (R. 40.) But the ALJ also noted that Wright exhibited a normal heart rate at these visits, tests otherwise revealed "only mild findings," and that his chest pain and palpitations appeared "to have resolved after [his] ablation procedure, and none of the evidence prior to the ablation supports a finding that the claimant's cardiac problems were severely limiting." (R. 40.) Because the ALJ sufficiently considered all of Wright's impairments in the remaining disability analysis, this court need not decide whether the ALJ erred at Step Two. See Kestel, 2018 WL 6264400, at *4; Fisk, 253 F. App'x at 584; Maziarz, 837 F.2d at 244. To the extent the ALJ did err in determining that Wright's supraventricular

-8-

tachycardia was not severe, such error would be harmless. See Kestel, 756 F.3d at 598; see also Williams v. Comm'r of Soc. Sec., No. 16-1459, 2017 WL 4541355, at *3 (6th Cir. Mar. 1, 2017) (order) (citing Kepke v. Comm'r of Soc. Sec., 636 F. App'x 625, 634 (6th Cir. 2016)).

Wright also argues that the ALJ erred at Step Three by failing to consider all of the relevant subsections of Listing 4.0, specifically both the section dealing with ischemic heart disease (4.04) and recurrent arrhytmias (4.05). (ECF No. 12 at 9.) The relevant Social Security regulations require the ALJ to find a claimant disabled if he meets a listing. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); Sullivan v. Zebley, 493 U.S. 521, 532 (1990). But neither the listings nor the Sixth Circuit require the ALJ to "address every listing" or "to discuss listings that the applicant clearly does not meet." Sheeks v. Comm'r of Soc. Sec., 544 F. App'x 369, 641 (6th Cir. 2013); see also Kornecky v. Comm'r of Soc. Sec., 167 F. App'x 496, 507-08 (6th Cir. 2006). The ALJ should discuss the relevant listing only "where the record raises 'a substantial question as to whether [the claimant] could qualify as disabled" under a listing.'" Smith-Johnson v. Comm'r of Soc. Sec., 579 F. App'x 426, 432 (6th Cir. 2014) (quoting Abbott v. Sullivan, 905 F.2d 918, 925 (6th Cir. 1990)); see also Sheeks, 544 F. App'x at 641. "A claimant must do more than point to evidence on which the ALJ could have based his

-9-

finding to raise a 'substantial question' as to whether he has satisfied a listing." Smith-Johnson, 579 F. App'x at 432 (quoting Sheeks, 544 F. App'x at 641–42). "Rather, the claimant must point to specific evidence that demonstrates he reasonably could meet or equal every requirement of the listing." Id. Absent such evidence, the ALJ does not commit reversible error by failing to evaluate a listing at Step Three. Id.

In this case, the ALJ explained that she had considered the listings as required, specifically Listing 4.0. (R. 39.) In doing so, the ALJ noted that she considered all impairments, including those deemed nonsevere. (R. 39.) Wright argues that the ALJ erred because his "longitudinal history was significant for uncontrolled, recurrent episodes od cardiac syncope of near syncope, shortness of breath, and chest pain, often accompanied by repeated diagnoses of supraventricular tachycardia." (ECF No. 12 at 10.) However, such generalized argument is belied by the record and is insufficient to raise a "substantial question" as to whether Wright satisfied any of the listings. Listing 4.05 requires uncontrolled and recurrent cardiac syncope or near syncope, documented by resting or Holter monitor tests, despite prescribed treatment. 20 C.F.R. pt. 404, subpt. P, app. 1, § 405. But the record indicates that Wright failed to exhibit symptoms during a Holter monitor test in September 2013 and his treatment records repeatedly failed to discuss cardiac syncope or near syncope. (R. 250-53; 324; 348;

365-66; 385; 514; 575; 815; 1264; 1430; 1933.) Therefore, the ALJ was not required to address every listing or provide a more extensive discussion explaining why Wright did not meet or medically equal the disabilities described at Listing 4.0. The ALJ's consideration of Wright's supraventricular tachycardia and her determinations at Steps Two and Three were not legally erroneous and were supported by substantial evidence.

**D. Whether the ALJ Erred in Determining Wright's RFC**

Wright next argues that the ALJ erred in basing "her RFC findings directly from the evaluations of non-examining physicians at the initial and reconsideration levels without regard to the claimant's subsequent diagnosis of supraventricular tachycardia, the documented symptoms he experienced therefrom, or his hearing testimony." (ECF No. 12 at 11.) "[RFC] is defined as 'the maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs.'" Mokbel-Aljahmi v. Comm'r of Soc. Sec., 732 F. App'x 395, 399 (6th Cir. 2018) (quoting 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 200.00(c)). "'In formulating [an RFC], the ALJ evaluates all relevant medical and other evidence and considers what weight to assign to treating, consultative, and examining physicians' opinions.'" Id. (quoting Eslinger v. Comm'r of Soc. Sec., 476 F. App'x 618, 621 (6th Cir. 2012)); see also 20 C.F.R. § 404.1545(a)(3). In making this determination, the ALJ may consider

-11-

both objective medical evidence of a severe medical condition, and the credibility of the claimant's subjective complaints. See Steagall v. Comm'r of Soc. Sec., 596 F. App'x 377, 381 (6th Cir. 2015); Schmiedebusch v. Comm'r of Soc. Sec., 536 F. App'x 637, 649 (6th Cir. 2013).

The ALJ here acknowledged Wright's subjective complaints and hearing testimony, noting that he had heart problems, breathing difficulties, and difficulty staying awake, and still had occasional problems with a fast heartbeat. (R. 41.) However, an ALJ is not required to adopt a claimant's assertions about his limitations, but rather evaluates such claims based on the record as a whole. See 20 C.F.R. §§ 404.1529, 416.929; SSR 16-3P, 2017 WL 5180304, at *9. The ALJ gave great weight to the opinions of two non-examining state agency physicians that contradicted Wright's claims regarding the severity of his impairments, both of whom based their opinions on the current medical record before them. The subsequent treatment notes indicating diagnoses of tachycardia does not alter this analysis because the ALJ otherwise considered the updated medical evidence. See McGrew v. Comm'r of Soc. Sec., 343 F. App'x 26, 32 (6th Cir. 2009). Contrary to Wright's assertion, the record is not "devoid of any analysis of supraventricular tachycardia and no decision has truly been made as to whether the impairment is severe or nonsevere or what limits would exist from this condition." (ECF No. 12 at 13.) The ALJ

acknowledged Wright's heart issues, including tachycardia, and hearing testimony as to his pain and limitations, but pointed to specific evidence in the record, including treatment notes from a treating physician in 2014 and emergency room visits in 2015 and 2016, that supported the RFC determination. Because substantial evidence supports this decision, it may not be disturbed on review. See Ulman, 693 F.3d at 713-14.

### E. Whether the Commissioner Failed to Carry its Burden at Step Five

Wright finally argues that the ALJ's Step Five finding is not supported by substantial evidence because it is "drawn from an incomplete analysis of Wright's severe impairments" and that remand for further proceedings is thus necessary. (ECF No. 12 at 14.) In making her Step Five determination, the ALJ called a vocational expert ("VE") who testified that jobs exist in the national economy for an individual with Wright's age, education, work experience, and RFC. Wright does not identify any error with this procedure, other than to repeat his argument that the RFC determination was erroneous and therefore any conclusion drawn from it is likewise erroneous. As explained above, the ALJ did not commit legal error in assessing Wright's severe impairments or determining his RFC and each determination was otherwise supported by substantial evidence. Accordingly, no error occurred at Step Five, and the decision of the ALJ must be affirmed.

## III. CONCLUSION

For the above reasons, the Commissioner's decision is affirmed.

IT IS SO ORDERED.

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

July 22, 2019
Date
